## STATE v. ALWIN P. HAZELTON.

October Term, 1903.

Present: ROWELL, TYLER, MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed March 8, 1906.

*Intoxicating Liquors — Sales — Indictment — Sufficiency —
Statutes Partly Unconstitutional—No. 90, Acts 1902.*

That clause of § 21, No. 90, Acts 1902, which permits sales of cider "by the barrel by farmers who raise sufficient apples to make the cider which they sell," does not give to *farmers* who raise apples a privilege denied to others who raise apples. Anyone is a "farmer," within the meaning of this clause, who has land upon which there are trees producing apples.

That part of §21, No. 90, Acts 1902, which exempts from the provisions of the Act "sales by the barrel by the manufacturers thereof of cider manufactured in this State, * * if it is not drunk on the premises," and "sales by the makers thereof of native wines manufactured in this State, and not to be drunk on the premises of the maker," discriminates against the products of other states in violation of the Fourteenth Amendment of the Constitution of the United States.

This unlawful discrimination is not such an essential element of the legislative scheme as to vitiate the whole Act; and the objectionable distinction is eliminated by holding that *all* sales of wines and of cider by the barrel, when not to be drunk upon the premises, are unrestricted by the Act.

An indictment charging the sale of "intoxicating liquor" without a license, in violation of No. 90, Acts 1902, sufficiently describes the kind of liquor.

INDICTMENT for selling and furnishing intoxicating liquor, in violation of No. 90, Acts 1902. Heard on demurrer to the indictment at the June Term, 1903, Orange County, *Munson*, J., presiding. Demurrer overruled, *pro forma*, and indictment adjudged sufficient. The respondent excepted.

*John B. Peckett,* and *Darling & Darling* for the respondent.

A discussion of the limitations which the Legislature must observe in the enactment of police regulations may be found in the following cases. *People, ex rel. Troyler* v. *Warden, &c.,* 157 N. Y. 116, 43 L. R. A. 264; *Re Morgan,* (Colo.) 47 L. R. A. 52; *Ritchie* v. *People,* 154 Ill. 98, 46 Am. St. Rep. 315, 29 L. R. A. 79; *C. B. & Q. R. Co.* v. *State,* 47 Neb. 549, 41 L. R. A. 481; *State* v. *Chic. &c. R. Co.,* 68 Minn. 381, 64 Am. St. Rep. 482; Black Intox. Liq. 25; *New Orleans Gas Lt. Co.* v. *Louis Lt. &c. Mfg. Co.,* 115 U. S. 650, 29 L. ed 516; 22 Am. & Eng. Enc. (2nd ed.) 936; *State* v. *Speyer,* 67 Vt. 502; *State* v. *Goodwill,* (W. Va.) 6 L. R. A. 621.

The discriminations in § 21, No. 90, Acts 1902, are clearly unconstitutional. *State* v. *Cadigan,* 73 Vt. 245; *State* v. *Shedroi,* 75 Vt. 277; Cooley Con. Lims. (1st ed.) 391; *Connelly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Cotting* v. *Stock Yards Co.,* 183 U. S. 79; *Yick Wo* v. *Hopkins,* 118 U. S. 359, 30 L. ed. 220; *Frorer* v. *People,* 141 Ill. 171, 16 L. R. A. 492; *Dixon* v. *Poe,* (Ind.) 65 N. E. 518, 60 L. R. A. 308; *Juniata Limestone Co.* v. *Fagley,* 187 Pa. St. 193, 42 L. R. A. 442; *Denver* v. *Bach,* (Colo.) 46 L. R. A. 848; *Van Harlington* v. *Doyle,* 134 Cal. 53; *State* v. *Pennoyer,* 65 N. H. 113, 5 L. R. A. 709; *Re Day,* 181 Ill. 73, 50 L. R. A. 519; *Enterprise Brewing Co.* v. *Grime,* 173 Mass. 255; *McGovern* v. *Hays & Smith,* 75 Vt. 108; 14 Am. & Eng. Enc. (2nd ed.) 560; *Welton* v. *Missouri,* 91 U. S. 275; *Walling* v. *Michigan,* 116 U. S. 446; *Powell* v. *Pennsylvania,* 127 U. S. 678; *Kohn* v. *Melcher,* 29 Fed. 433; *Weil* v. *Calhoun,* 25 Fed. 865; *Ex.* v. *Kinnebrew,* 35 Fed. 52; *McCreary* v. *State,* 73 Ala. 480;

*State* v. *Deschamp,* 53 Ark. 490; *State* v. *Nash,* 97 N. C. 514; *State* v. *Stucker,* 58 Iowa 496; *McGuire* v. *State,* 42 Ohio St. 530; 17 Am. & Eng. Enc. (2nd ed.) 216; Black Intox. Liq. § 44; *Chy Lung* v. *Freeman,* 92 U. S. 276.

These unconstitutional provisions are so essential to the legislative scheme, and so interwoven with the rest of the enactment, as to render the whole void. *Redell* v. *Moores,* 55 L. R. A. 740; *Sibley* v. *Smith,* 2 Mich. 436; *U. S.* v. *Union P. R. Co.,* 91 U. S. 72; *Keyport &c. Co.* v. *Farmers' Transp. Co.,* 18 N. J. Eq. 13; *Delaplane* v. *Crenshaw,* 15 Gratt. 457; *Union Sewer Pipe Co.* v. *Connelly,* 99 Fed. 354; *Brown* v. *Jacobs Pharmacy Co.,* 115 Ga. 429, 57 L. R. A. 547; *State* v. *Montgomery,* 94 Me. 192; *Weaver* v. *Davidson Co.,* 104 Tenn. 315; *Johnson* v. *State,* 59 N. J. L. 535, 38 L. R. A. 373; *Crawford Co.* v. *Hathaway,* (Neb.) 84 N. W. 271; *Spraigue* v. *Thompson,* 118 U. S. 90, 30 L. ed. 115; *Warren* v. *Charlestown,* 2 Gray 84; *Matthews* v. *People,* 202 Ill. 389.

*David S. Conant,* State's Attorney, and *M. M. Wilson* for the State.

The Fourteenth Amendment was not designed to interfere with the police power of the State. *Lincoln* v. *Smith,* 27 Vt. 328; *State* v. *Hodgsden,* 66 Vt. 134; *Barbier* v. *Connonly,* 113 U. S. 27; *Powell* v. *Penn.* 127 U. S. 683; *Bartemeyer* v. *Iowa,* 18 Wall. 129; *Kohn* v. *Melcher,* 29 Red. 433; *Beer Co.* v. *Mass.,* 97 U. S. 25; Brannans 14th Amend. Ch. 12; *Mugler* v. *Kan.,* 123 U. S. 623; *Kidd* v. *Pearson,* 128 U. S. 1; *McGaher* v. *Virginia,* 135 U. S. 313; *In re Hoover,* 30 Fed. 55; *Cantina* v. *Tillman,* 54 Fed. 969.

If the discrimination objected to is unconstitutional, it may be rejected, and the remainder of the Act be valid. Cooley Constitutional Lim. pp. 211, 212, 213, 216; *State* v. *Kibling,*

63 Vt. 642; *Ex Parte Kiennebrew,* 35 Fed. 52; *Tienan* v. *Rinker,* 102 U. S. 123; *In re Rahrer,* 140 U. S. 563; *Fishier* v. *McGirr,* 1 Gray 1; *Donnerberger* v. *Prendergast,* 128 Ill. 239; *Lawton* v. *Steele,* 7 L. R. A. 134.

MUNSON, J.  The respondent contends that No. 90 of the Acts of 1902 is unconstitutional in two particulars, and that these defects invalidate the entire act.

The exemption in section 21 which permits sales "by the barrel by farmers who raise sufficient apples to make the cider which they sell," is claimed to be in violation of the provision of the Fourteenth Amendment to the Federal Constitution which guarantees the equal protection of the laws, and in violation of the seventh article of chapter one of our State Constitution, which declares in substance that government ought not to be for the particular advantage of any class.  It is said that the exemption makes the lawfulness of the act depend upon the mere fact of occupation,—giving to farmers who raise apples a privilege denied to others who raise apples. But as we construe the provision no such distinction is made. Any one is a farmer within the meaning of this clause who has land upon which there are trees producing apples.  Nothing further is claimed regarding this provision.

It is also asserted that the following provisos of the same section are invalid: "But the provisions of this act shall not apply to sales by the barrel by the manufacturers thereof of cider manufactured in this State," nor to "sales by the makers thereof of native wines manuactured in this State." It is claimed that these provisions discriminate against the products of other states, and are therefore within the inhibitions of the Federal Constitution.

The effect of these provisos is to permit unlicensed sales, by the makers, of cider and native wines manufactured in this State, while the same products manufactured in other states cannot be sold here by the makers thereof as such, nor sold here at all without the payment of license fees. A discrimination of this character cannot be sustained unless based upon some distinction which is reasonable and just when considered with reference to the nature and purpose of the act. We see no ground upon which the discrimination complained of can be justified. The only apparent purpose or effect of the exception is to favor the home product. Further discussion of the subject seems unnecessary in view of our recent decisions. *State* v. *Hoyt,* 71 Vt. 59, 42 Atl. 973; *State* v. *Cadigan,* 73 Vt. 245, 50 Atl. 1079.

It remains to consider how much and what part of the act must be held invalid because of this unconstitutional feature. It is suggested that the whole act should be held void, on the ground that it would never have become a law if it had not contained these popular but unconstitutional provisions. If we could come to this conclusion at all, it is certain that we could not do so without considering matters which seem to us to be outside the field of legitimate judicial inquiry; and this objection must be overruled.

But the respondent also contends that the clauses creating the unlawful discrimination vitiate the whole act because not separable from the rest of the act. It is clear that the entire act must be held invalid, unless the objectionable distinction can be eliminated, so that manufacturers of this and other states will stand upon the same basis. A majority of the Court think the discrimination can be removed without destroying the act. This result has sometimes been accomplished by rejecting the proviso, thereby bringing the ex-

cepted manufacturers within the general prohibition; but we are not inclined to adopt this course. The other alternative is to hold the general prohibition inoperative as to the liquors named in the proviso, thus extending the privileges of the proviso to all manufacturers of the liquors named in it. This method is certainly less objectionable as regards results, and seems to be justified by recognized rules applicable to the subject.

The propriety of the course suggested will appear from a consideration of the section as a whole. The section consists of a general prohibition regarding the sale of intoxicating liquors, with a series of exceptions as to the sale of certain liquors by certain persons. The unlawful discrimination results from the two clauses combined. So the prohibition and the exception should be viewed as one provision, any part of which may be modified, within proper limits, to relieve the provision of its unconstitutional effect. The proposed restriction in the application of the prohibitive clause will remove the discrimination, and leave the act otherwise unimpaired.

This disposition of the matter leaves the sale of wines and of cider by the barrel, when not to be drunk on the premises, unrestricted, and all other sales subject to the restraints and burdens imposed by the law. When the manifest purpose of the enactment is considered, this result cannot be objected to as something beyond the purview of the Legislature. It is entirely conceivable that if the Legislature had found any obstacle in the way of limiting the sale of cider and wines, it would nevertheless have imposed upon the sale of other intoxicating liquors every restraint embraced in this act. With the operation of the prohibitive clause restricted as indicated the act can stand, and effect in part the purpose of the Legislature.

The indictment is for the sale of intoxicating liquor without specifying the kind, and sufficiently describes an offence under the statute as above sustained.

*Pro forma judgment reversed, demurrer overruled, indictment adjudged sufficient, and cause remanded.*

HASELTON, J., concurs in the result.